UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. KORB, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. 4:12-cv-03847-JST <br><br> **ORDER GRANTING PLAINTIFF'S RULE 56(D) MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** <br><br> Re: ECF Nos. 62, 67, 73 |

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("SSA"), has moved for summary judgment in this action in which Plaintiff Richard Korb seeks to compel enforcement of the SSA Appeals Council's May 2009 final decision in his favor.[1] ECF No. 62. Plaintiff[2] has also objected to the record SSA has submitted and relies on in support of its motion for summary judgment, and moves under Federal Rule of Civil Procedure 56(d) to continue the SSA's motion for summary judgment. ECF Nos. 67, 73. The Court will grant Plaintiff's Rule 56(d) motion, deny SSA's motion for summary judgment without prejudice, and deny as moot Plaintiff's objection to the SSA's record.

## I. BACKGROUND

### A. Factual History

Plaintiff began receiving Social Security benefits in 1998 after sustaining injuries that

---

[1] Plaintiff also raises, in his opposition to Defendant's motion for summary judgment, a separate claim for an accounting of his due benefits. ECF No. 65. On June 4, 2014, the Court dismissed Plaintiff's accounting claim for lack of jurisdiction. ECF No. 55 at 13. The Court continues to lack jurisdiction to hear this claim, and therefore will not address it.

[2] Because the Court dismissed Plaintiff Faye Korb's claims in its previous order, Richard Korb is the only remaining Plaintiff in this case. ECF No. 55 at 13-14. The Court uses "Plaintiff" to refer to Richard Korb, and "Plaintiffs" to refer to both Richard and Faye Korb.

forced him to stop working. ECF No. 42, Fourth Amended Complaint ("FAC"), ¶ 8. At issue here are the payments he received between October 2000 and December 2004, during which time he was sporadically employed. Id.

Between 2002 and 2009, Plaintiff and the SSA engaged in a series of communications disputing the amount of benefits due Plaintiff, culminating in separate decisions by two different administrative law judges and a review by the SSA Appeals Council. ECF No. 59, Exs. 2-7. In March 2009, the Appeals Council tentatively found that Plaintiff was owed $10,529 in underpaid benefits, and on May 7, 2009, the Council issued a "final decision of the Commission of Social Security" vacating the administrative law judges' two decisions and determining the SSA underpaid Richard $8,819 in benefits. ECF No. 59, Ex. 8.

Despite the SSA's issuance of a final decision, and Plaintiff's repeated requests for payment, the SSA did not pay him for the next three and one-half years. FAC ¶ 13. During this time, the SSA sent Plaintiff a "Notice of Award" informing him that the SSA had "approved [his] application for disability benefits" for which he would "receive a check for $9,126.90," and subsequently sent a "Notice of Change in Benefits" stating the SSA *over*paid Plaintiff $59,208.90 in benefits. ECF No. 59, Ex. 11, 15. In response, Plaintiff filed this suit on July 23, 2012. ECF No. 1.

On October 16, 2012, the SSA sent a "Notice of Important Information" stating it would send Plaintiff a check for $9,379.80 because of "an additional lump-sum payment." ECF No. 59, Ex. 19. The SSA paid Plaintiff the $9,379.80 amount in October 2012 and confirmed that was the only payment the SSA made to Plaintiff since 2002. ECF No. 59-1, Stifler Decl., ¶ 3(t) & Ex. 24. On March 17, 2013, the SSA sent Plaintiff a "Notice of Disability Cessation," which stated Plaintiff was no longer considered overpaid and included an accounting summary of Plaintiff's benefits payment history. ECF No. 59, Ex. 21. Plaintiff appealed by letter on March 20, 2013, and requested reconsideration of that notice and an accounting of the benefits owed to him. ECF No. 59, Ex. 22.

In its "Notice of Reconsideration," the SSA reiterated that Plaintiff is no longer considered either over- or underpaid, by virtue of the $9,379.80 check he received. ECF No. 59, Ex. 23. The

notice also confirmed the accounting summary the SSA previously sent Plaintiff and stated that Plaintiff is entitled to appeal to an administrative law judge. Id. On July 25, 2013, Plaintiff sent the SSA a letter requesting a hearing before an administrative law judge on his reconsideration determination. Korb Supp. Decl. ¶ 2, ECF No. 50. Between August 28, 2014 and December 3, 2014, Plaintiff exchanged a series of emails with SSA employees regarding his pending appeal. ECF No. 66, Ex. C. On December 1, 2014, the SSA informed Plaintiff that his appeal had been forwarded to the Oakland, California, Hearing Office of the SSA Office of Disability Adjudication and Review for review by an administrative law judge. Smith Decl. ¶ 3, ECF No. 69.

### B. Procedural History

Plaintiff filed this action *pro se* on July 23, 2012 "for the purpose of obtaining judicial enforcement of a final decision of the Commissioner of Social Security (May 7, 2009) in Plaintiff's favor and subsequent SSA 'Notice of Award,' promising to send Plaintiff a check in the sum of $9,126.40." ECF No. 1, ¶ 1. Plaintiff's original complaint asserted jurisdiction based on his exhaustion of administrative remedies pursuant to 42 U.S.C. § 405(g). On July 23, 2012, the Clerk of the Court issued a "Procedural Order for Social Security Review Actions," which stated, as is customary in Social Security appeals, that "the Court's jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record . . . ." ECF No. 2. In response to the procedural order, Plaintiff filed his First Amended Complaint, which alleged:

> This is not an action to review an award by the Commissioner of Social Security. This is a mandamus action pursuant to 28 U.S.C.A. § 1361 to compel the Social Security Administration and its Commissioner to perform their duty pursuant to the final decision of the Commissioner of Social Security (May 7, 2009) in Plaintiff's favor and the subsequent SSA "Notice of Award," in which SSA stated they would send Plaintiff a check in the sum of $9126.40 – which, SSA has, notwithstanding its final decision and award, refused to honor or enforce for over three years.

ECF No. 4, ¶ 1. The First Amended Complaint also alleged that the Court had jurisdiction pursuant to both 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. ECF No. 4, ¶ 4.

Plaintiff filed a Second Amended Complaint on October 22, 2012, which added claims for declaratory relief and an accounting. ECF No. 14. Defendants moved to dismiss on December

3

17, 2012, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim, respectively. ECF No. 15.

Rather than opposing the motion, Plaintiff filed a Third Amended Complaint ("TAC"), which added his ex-wife, Faye Korb, as Plaintiff, and augmented Plaintiff's factual allegations. ECF No. 29. The TAC named the SSA and the SSA Commissioner as Defendants, and asserted that the Court had jurisdiction over Plaintiffs' claims pursuant to the mandamus statute, 28 U.S.C. § 1361, and federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as an action brought under the Administrative Procedures Act ("APA"). TAC, ECF No. 29, ¶ 1. Defendants again moved to dismiss, and the Court dismissed Plaintiffs' TAC with leave to amend for lack of subject matter jurisdiction. ECF Nos. 31, 47.

Plaintiffs filed a Fourth Amended Complaint ("FAC") on October 25, 2013, ECF No. 42, which again augmented Plaintiffs' allegations and asserted claims under the mandamus statute, 28 U.S.C. § 1361, and the APA. FAC, ¶ 1. Defendant again moved to dismiss. ECF No. 43. The Court dismissed both Plaintiffs' first (violation of the APA), second (wrongful seizure of property), and fourth (declaratory and injunctive relief) claims. ECF No. 55. The Court denied the motion to dismiss Plaintiffs' third claim for mandamus relief as to Plaintiff, but granted the motion as to Faye Korb, dismissing all of her claims. ECF No. 55.

On December 1, 2014, the SSA moved for summary judgment on Plaintiff's remaining mandamus claim. ECF No. 62.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Rule 56(d), however, allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified

reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

To prevail on a Rule 56(d) motion, "the part[y] opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations omitted). Courts generously grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003) (citations omitted).

The nonmoving party also must indicate how the information sought could defeat summary judgment, but does not have to prove the discovery it seeks necessarily will do so: "Summary judgment should not be granted while [an] opposing party timely seeks discovery of *potentially* favorable information." Garret v. City & Cnty. of S.F., 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted) (emphasis added).

### III. DISCUSSION

The Court finds that Plaintiff has not had an opportunity to make full discovery in this case, and that he has satisfied the criteria for granting a Rule 56(d) motion.

First, Plaintiff has established that he has been unable to adduce facts essential to support his opposition to the SSA's motion for summary judgment. Because this case proceeded pursuant to the standard procedural order for Social Security cases, which limits the Court's review to what is contained in the SSA's administrative record,[3] no discovery has been undertaken by either party. In most Social Security appeals that would make sense; only in limited circumstances will a court permit discovery in a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). Shalala v.

---

[3] The Court also notes that no administrative record was formally prepared in this case due to the fact that Plaintiff did not directly appeal the SSA Appeals Council's May 7, 2009 decision. Thus, the record the SSA has assembled for review is potentially incomplete and attested to by an individual who does not appear to have been involved in the administrative process underlying Plaintiff's case. See ECF No. 59-1, ¶ 3.

5

Ill. Council on Long Term Care, Inc., 529 U.S. 1, 23-24 (2000); Hummel v. Heckler, 736 F.2d 91, 93 (3d Cir. 1984). But here, Plaintiff's mandamus claim, brought pursuant to 28 U.S.C. § 1361, is the only claim still before this Court. The parties are entitled to discovery in mandamus actions. Steeves v. Heckler, No. H-84-1045, 1986 WL 110680, at *3 (D. Conn. Jan. 10, 1986) ("The court declines to reach defendants' argument that discovery is improper under [42 U.S.C.] § 405(g) . . . , as discovery is permissible under [28 U.S.C.] § 1361."); e.g., Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 772 (5th Cir. 2011) (acknowledging discovery conducted in an action against the SSA where plaintiff invoked mandamus jurisdiction); Steinberg v. Barnhart, No. 8:04-CV-2555-T-TGW, 2005 WL 2277525, at *2 (M.D. Fla. Sept. 19, 2005) (providing for limited discovery in a putative mandamus SSA case where plaintiff alleged he was not paid the entirety of the fee to which he was entitled); cf. Anderson v. Sebelius, No. 1:09-cv-16, 2009 WL 5171089 (D. Vt. Dec. 18, 2009) (declining to grant discovery in an SSA case where mandamus relief was not available). The procedural posture of this case has prevented Plaintiff from engaging in discovery. The Court is therefore persuaded that Plaintiff has been unable to develop facts that may be necessary to oppose summary judgment.

Second, Plaintiff has specified the relevant information he seeks in discovery. See ECF No. 73 at 4; ECF No. 73-1, ¶¶ 28-30. This information includes the identities of the persons most knowledgeable about the various conflicting letters and notices Plaintiff received from the SSA and benefit checks the SSA sent during the relevant time period, including those that were cancelled or returned. Id.[4]

Third, Plaintiff has shown that there is some basis to believe that the information he seeks

---

[4] The Court acknowledges the overlap in the discovery Plaintiff requests here (regarding whether the SSA's $9,379.80 payment satisfies the Appeals Council's May 2009 judgment) and the issue the Court has determined is not fully exhausted (Plaintiff's request for an accounting of the total amount of benefits he is due). While the Court is mindful of the overlap, the SSA must provide discovery that will allow Plaintiff to ascertain whether the SSA's payments to him satisfy in form and in amount the May 2009 judgment; because the judgment officially stated that Plaintiff was owed $8,819 in underpaid benefits, but the $9,379.80 payment the SSA says was in satisfaction of that judgment differs in amount from the judgment, both the fact that the SSA paid Plaintiff in satisfaction of the judgment and the proper amount of that judgment remain in dispute. It is unlikely that both of these figures are correct; it is possible that neither is. Discovery may therefore include records of payments and accounting records in the SSA's possession that have not been included in the record the SSA developed for review.

1 may exist. While the SSA contends the checks Plaintiff seeks are in the possession of the
2 Department of the Treasury and/or have been destroyed, the SSA may still possess records of
3 these checks, and the SSA should be able to identify the persons most knowledgeable regarding
4 the notices and letters Plaintiff has received from the SSA.

Fourth, Plaintiff has shown that the discovery he seeks potentially could lead to evidence that would defeat summary judgment. Plaintiff seeks information regarding whether the $9,379.80 check the SSA sent to him in October 2012 satisfied the final judgment in his favor issued by the Appeals Council in May 2009. This is precisely the issue upon which the resolution of the motion for summary judgment would turn.

Fifth and finally, the Court finds that Plaintiff has diligently pursued discovery. The parties were ordered to proceed in this action solely with the factual information provided in the administrative record. Despite the fact that discovery was not ordered in this case, Plaintiff has sought discovery from the SSA, but has not received anything. See ECF No. 73 at 4.

Given the foregoing, Plaintiff has shown that he is entitled to rule 56(d) relief.

## CONCLUSION

For the foregoing reasons, the Court hereby denies without prejudice the SSA's motion for summary judgment, and grants Plaintiff's motion to continue SSA's motion for summary judgment. Plaintiff's objection to the record developed and submitted by the SSA is denied as moot.

The Court will also set the matter for a case management conference to discuss the continued progress of this case on March 25, 2015 at 2:00 p.m. The parties are ordered to file a joint case management statement at least ten court days beforehand. The statement should include specific information regarding the discovery that the parties will propound in response to this

/ / /
/ / /
/ / /
/ / /
/ / /

order, a sensible schedule for the re-filing of summary judgment, and the means of alternative dispute resolution most likely to be effective in resolving the action.

IT IS SO ORDERED.

Dated: February 27, 2015



_____
JON S. TIGAR
United States District Judge